UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGHE LIU,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-6340 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Changhe Liu filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, requesting either immediate release or a bond hearing. The petition is GRANTED, and Respondents are ordered to provide Petitioner with a bond hearing.

## I. BACKGROUND

Petitioner is a citizen of China. Dkt. No. 1 at 7. In February 2026, he attempted to enter the United States by crossing the Canadian border and was promptly detained by Customs and Border Patrol. *Id.*; Dkt. No. 9-1 at 3. He asserts that he has been detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii) for approximately eight months without a bond hearing. Dkt. No. 1 at 2.

Following his arrest, Petitioner completed a credible fear interview with an immigration officer and was found not to have a credible fear of persecution if returned to China. Dkt. No. 9-2 at 6. He appealed this determination to an immigration judge, who reversed the determination in March 2026, permitting Petitioner to apply for asylum. *Id.* at 5. As a result, Petitioner was placed in removal proceedings to adjudicate his asylum application. He filed his asylum application in May 2026. Dkt. No. 1 at 2. After filing of his application, he claims that the immigration court took months to set his individual merits hearing. *Id.* at 3. He was ordered

removed in September 2026, and timely appealed that decision to the Board of Immigration Appeals.

## II. DISCUSSION

Both parties agree that Petitioner is properly detained under § 1225(b). *See id*. at 2; Dkt. No. 9 at 2. They differ on whether due process entitles Petitioner to a bond hearing. Respondents argue that under *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), Petitioner is only entitled to the rights prescribed by statute. *Id*. at 2. And because § 1225(b)(1)(B)(ii) mandates detention, Respondents contend that the Government does not need to provide him with a bond hearing. *See* 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution … the alien shall be detained for further consideration of the application for asylum"). This argument was recently rejected by the Ninth Circuit in *Padilla v. U.S. Immigration & Customs Enforcement*, – F.4th –, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026), with the Court reasoning that *Thuraissigiam* concerned *admission* to the country, not *detention*. *Id*. at *19.

Due process claims are analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Petitioner possesses a liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was detained in February 2026, and he has remained in custody for nearly eight months. Albeit in a different statutory context, the Supreme Court has recognized six-months as a "presumptively reasonable period" to detain a noncitizen who has been ordered removed. *Id*. at 701. Petitioner has been deprived of liberty well beyond six-months without any consideration

by the immigration court that his continued detention is necessary to effectuate his removal.

To determine whether further process is due in light of this liberty interest, three factors are relevant: the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government. *Akmal v. Warden of Cal. City Det.*, No. 1:25-CV-01921-DC-DMC-HC, 2026 WL 657606, at *6 (E.D. Cal. Mar. 9, 2026), *report and recommendation adopted*, No. 1:25-CV-01921-DC-DMC (HC), 2026 WL 825750 (E.D. Cal. Mar. 25, 2026); *Lebedev v. Warden of Golden State Annex*, No. 1:25-CV-01391-KES-SAB-HC, 2026 WL 482733, at *5–8 (E.D. Cal. Feb. 20, 2026); *report and recommendation adopted*, No. 1:25-CV-01391-KES-SAB (HC), 2026 WL 661183 (E.D. Cal. Mar. 8, 2026).

These factors weigh in Petitioner's favor. As discussed above, Petitioner's detention has surpassed six months without any determination that his continued detention will serve the Government's interests. Further, there is no evidence suggesting that Petitioner's removal proceedings will end soon. Petitioner recently appealed his removal order to the BIA and, as other courts have noted, BIA appeals can take years. *See Alizadeh v. Mullin*, No. 26-CV-2924-JLS (MMP), 2026 WL 1625651, at *2 (S.D. Cal. June 5, 2026) (finding that Petitioner had reason to anticipate significant future detention as an appeal to the BIA can take many months). Finally, Petitioner alleges that the reason for the delay in his removal proceedings was because the Government took months to schedule his individual merits hearing. *See* Dkt. No. 1 at 3. Respondents do not dispute this. Where the delay "is attributable to some entity other than the alien, the factor will weigh in favor of concluding that continued detention without a bond hearing is unreasonable." *Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 2590392, at *8 (E.D. Cal. Sept. 8, 2025), *report and recommendation adopted*, No. 1:25-CV-00506-KES-SAB (HC), 2025 WL 2896218 (E.D. Cal. Oct. 11, 2025).

Weighing these factors, Petitioner is entitled to a bond hearing. While the Government has a strong interest in ensuring the presence of noncitizens at their removal proceedings and protecting the public from danger, the interest at stake is not the detention itself, but rather "the

government's ability to detain [petitioner] *without a bond hearing*." *Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 2590392, at *8 (E.D. Cal. Sept. 8, 2025), *report and recommendation adopted*, No. 1:25-CV-00506-KES-SAB (HC), 2025 WL 2896218 (E.D. Cal. Oct. 11, 2025) (emphasis in original, citation omitted). Petitioner's detention has now reached eight months, and the Government has not been required to justify his continued detention on a finding that he is either a flight risk or danger to the community. Accordingly, the governmental interest is outweighed by the length of detention to date and the likely extent of Petitioner's future detention. *See Andrews*, 2025 WL 2590392, at *8 (finding length of past detention and likely future detention alone outweighed government's interests).

## III. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is GRANTED. The Government is ordered to provide Petitioner with a bond hearing before an immigration judge within fourteen days where the Government must prove, by clear and convincing evidence, that Petitioner would be a danger or flight risk if released. Petitioner shall be allowed to have counsel present, and the hearing may be continued upon his request. The immigration judge must also assess whether a reasonable bond or alternatives to detention may mitigate flight risk.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: October 23, 2026

VINCE CHHABRIA
United States District Judge